CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 29 2017

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 7:06-cr-00022-1** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DAVID EDWARD ADAMS,** | ) | By: **Hon. Michael F. Urbanski** |
|     Petitioner. | ) | **United States District Judge** |

David Edward Adams, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the § 2255 motion as untimely filed.

### I.

The court entered Petitioner's criminal judgment in December 2006, sentencing him to, inter alia, 248 months' incarceration for conspiring to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner did not appeal, and he filed the instant § 2255 motion no earlier than May 2, 2017. Petitioner believes the sentencing factors of 18 U.S.C. § 3553(a) are now satisfied and he should be resentenced to time served because he has already served 135 months of his sentence. Petitioner argues that the § 2255 motion is timely filed within one year of Dean v. United States, 137 S. Ct. 1170 (2017), and Mathis v. United States, 136 S. Ct. 2243 (2016).[1]

---

[1] As pertinent to Petitioner, Dean held that a sentencing court may consider the mandatory minimum sentence required by 18 U.S.C. § 924(c) when calculating an appropriate sentence for the predicate offense. Dean, supra at 1177. Mathis held that held that "a state crime cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." Mathis, supra at 2251. However, the Armed Career Criminal Act does not appear to be pertinent to Petitioner's convictions.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in January 2007 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Petitioner did not file the § 2255 until more than ten years after his convictions became final.

Petitioner argues that his motion should be considered timely filed because Dean v. United States, 137 S. Ct. 1170 (2017), or Mathis v. United States, 136 S. Ct. 2243 (2016), purportedly triggers the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, Dean and Mathis do not trigger the limitations period in § 2255(f)(3) because neither case applies retroactively to § 2255

2

proceedings under the criteria discussed in Teague v. Lane, 489 U.S. 288, 311-16 (1989). Furthermore, the Court explained in Dean that "nothing in the law requires" courts to calculate the term of imprisonment for each individual offense and counseled courts to adhere to statutory language and well-settled judicial principles. Dean, 137 S. Ct. at 1176-77. Also, the Court specifically noted in Mathis that its holding was not new and that it has "often held" in "no uncertain terms" that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. Mathis, 136 S. Ct. at 2251; see In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) on the basis that the movant failed to make a prima facie showing that Mathis set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). While Petitioner cites other cases that apply either Dean or Mathis, Dean or Mathis were applied direct appeal, not retroactively on collateral review. See, e.g., United States v. Thomas, No843 F.3d 1199, 1200 (9th Cir. 2016); United States v. White, No. 15-4096, 836 F.3d 437, 2016 U.S. App. LEXIS 16579, at *1-2, 2016 WL 4717943, at *1 (4th Cir. Sept. 9, 2016). Consequently, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the § 2255 motion more than one year after his convictions became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 644-45 (2010). The court does not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v.

3

Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Although Petitioner blames his counsel for never filing a direct appeal, he fails to describe due diligence either to discover or remedy the oversight within a reasonable amount of time. Accordingly, the court finds that Petitioner filed the § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

### III.

For the foregoing reasons, the court dismisses the § 2255 motion as untimely filed. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

**ENTER:** This 29th day of June, 2017.

/s/ Michael F. Urbanski
United States District Judge

4